983 F.2d 1077
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Keith Alan ROBBINS, Petitioner-Appellant,
v.
Sam LEWIS, Director, et al., Respondents-Appellees.
 No. 92-16052.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1992.*
Decided Dec. 14, 1992.
 
 Before TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Keith Alan Robbins appeals pro se the dismissal of his 28 U.S.C. § 2254 habeas petition claiming that the Arizona state court's imposition of a prison term after the revocation of his probation violated the double jeopardy clause. The district court determined that Robbins did not show cause and prejudice for his state procedural default. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can show cause and actual prejudice as a result of the alleged violation of federal law...." Coleman v. Thompson, 111 S.Ct. 2546, 2551 (1991) (citations omitted). Even in the absence of a showing of cause for procedural default, a federal habeas court may grant a writ of habeas corpus under extraordinary circumstances, i.e., "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986).
 
 
 4
 Robbins concedes that he did not fairly present his double jeopardy claim to the state's highest court, but argues that ineffective assistance of counsel caused his procedural default. Nevertheless, this claim fails because Robbins did not separately exhaust his ineffective assistance of counsel claim in state court. See id. at 489. Because Robbins has failed to show cause for his procedural default, we need not consider whether he has shown actual prejudice resulting from the alleged constitutional violation. See id. at 533. Moreover, Robbins has failed to show any exceptional circumstances that would excuse his failure to show cause for his procedural default. See id. at 496. Accordingly, the district court did not err in determining that Robbins's state procedural default barred federal review of the merits of his claims.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Robbin's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3